NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSPORT MANAGEMENT EUROPE N.V. AS AGENTS FOR LLOYD'S SYNDICATE BMR 1861 : : : Plaintiff, : v. : : ROBERT PETTY INDIVIDUALLY AND TRADING : AS SAVANNAH TRUCKING AND SAVANNAH : TRANSPORT, INC. AND WRAG-TIME AIR dba : WRAG-TIME TRANSPORTATION, EMRICK & : FELDMAN INC., BUCKWIRTH TRUCKING LLC, : LAFD INC., WRAG-TIME NORTHEAST EXPRESS : LTD., WRAG-TIME CALIFORNIA EXPRESS INC., : LRB TRUCKING INC., LEONARD EMRICK, : VISION EXPRESS INC., GO TRUCKING LLC. : : Defendant, : : and : : WRAG-TIME AIR FREIGHT, INC. dba WRAG- : TIME TRANSPORTATION, EMRICK & FELDMAN : INC., BUCKWIRTH TRUCKING, LLC, LAFD INC., : WRAG-TIME NORTHEAST EXPRESS LTD, : WRAG-TIME CALIFORNIA EXPRESS INC., LRB : TRUCKING INC., LEONARD EMRICK, VISION : EXPRESS INC. INC., GO TRUCKING LLC. : : Third-Party Plaintiffs, : v. : : THE RUBIN GROUP, : : Third-Party Defendant. : | Hon. Joseph H. Rodriguez Civil Action No. ~~06-CV-4719~~ (JHR)  06-4179 **OPINION** and **ORDER** |

**RODRIGUEZ**, Senior District Judge:

1

This matter comes before the Court on Third-Party Defendant's, The Rubin Group (hereinafter "Rubin Group"), Motion to Dismiss Third-Party Complaint of Third-Party Plaintiffs, Wrag-Time Air Freight, Inc. dba Wrag-Time Transportation, Emrick & Feldman Inc., Buckwirth Trucking, LLC, LAFD Inc., Wrag-Time Northeast Express LTD, Wrag-Time California Express Inc., LRB Trucking Inc., Leonard Emrick, Vision Express Inc. Inc., Go Trucking LLC (hereinafter "Wrag-Time" or "Third-Party Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed herein, the Court will grant Third-Party Defendant The Rubin Group's Motion to Dismiss.

## I. Factual Background

To understand the context of the claims against the Rubin Group, it is necessary to briefly review the underlying allegations between all parties. On or about June 1, 2004, the underlying Plaintiff, Transport Management Europe N.V. as agents for Lloyd's Syndicate BMR 1861 (hereinafter "TME") issued a policy of insurance to Third-Party Plaintiff Wrag-Time. (See Complaint at ¶ 4.) Third-Party Plaintiff, acting as a road transport operator, subcontracted with Savannah Trucking (hereinafter "Savannah") to transport a consolidated container from Los Angeles, California to Miami, Florida. (Id. at ¶ 5.)

On or about October 21, 2004, while en route between Los Angeles and Miami, the trailer caught fire and the contents of the trailer were destroyed. (Id. at ¶ 6.) Third-Party Plaintiff filed a claim under the policy of insurance issued by TME. (Id. at ¶ 7.) The policy wording required Third-Party Plaintiff to pay any and all claims made by the shippers first, and then seek recovery from TME, less the applicable deductible of $25,000. (Id.) In this case, however, because Third-Party Plaintiff was experiencing financial difficulties, TME paid all claims and deferred

2

application of the deductible until the matter was concluded. (Id.)

As alleged in the underlying complaint, the policy provided that Third-Party Plaintiff would not subcontract any of the services, other than upon the condition that the subcontracts are "back to back with liabilities accepted by the insured. . ." (Id. at ¶ 8.) However, the complaint alleges that Savannah only had a liability coverage limit of $50,000, in contravention of the warranties and conditions of the policy. (Id.) Savannah allegedly paid Third-Party Plaintiff $47,500 ($50,000 less a $2,500 deductible) that Savannah received from its carrier, but Third-Party Plaintiff never informed TME that it received any money from Savannah. (Id. at ¶¶ 12, 13.) Additionally, Third-Party Plaintiff allegedly released Savannah from any obligation relating to the fire, thus impairing TME's subrogation rights. (Id. at ¶ 14.)

The underlying complaint alleges fraud and concealment in the handling of the claims resulting from the fire. (Id. at ¶¶ 13, 14.) Specifically, the complaint alleges that Third-Party Plaintiff concealed the level of insurance obtained by Savannah, "knowing full well that it had fraudulently concealed the true facts surrounding the limited liability of Savannah Trucking and thereby voided any and all responsibility for payment by [TME]." (Id. at ¶ 8.) The complaint continues by alleging that Third-Party Plaintiff received payment from Savannah's carrier for the loss, but "deliberately and fraudulently concealed the true facts surrounding the payment it received from Savannah Trucking in the sum of $47,500.00 which would have required Wrag-Time to reimburse Plaintiff, TME to the extent of said $47,500.00 but instead by action of conversion wrongfully converted said funds to its own use." (Id. at ¶ 13.)

Finally, the underlying complaint alleges that the fraudulent acts and concealment of Third-Party Plaintiff voided the contract of insurance, entitling TME to a rescission of the policy.

3

(Id. at ¶ 15.) The complaint states:

> 16. The fraudulent acts and concealment of its actions by Defendant, Wrag-Time, constitute not only gross negligence on the part of Wrag-Time, but said fraudulent acts and concealment were wanton and willful.

(Id. at ¶ 16.)

Therefore, TME seeks a judgment against Third-Party Plaintiff and Savannah, jointly and severally in the sum of $151,841.75.

## II.  Procedural History

TME filed a complaint on August 29, 2006 against Third-Party Plaintiff and Savannah, as well as various individual entities. Third-Party Plaintiff answered the complaint, and included a counterclaim, a cross-claim, and a third-party complaint against the Rubin Group, the insurance broker for Third-Party Plaintiff.

## III.  Discussion

### A.  Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A district court must accept any and all reasonable inferences derived from those facts. Glenside West Corp. v. Exxon Co., U.S.A., Div. of Exxon Corp., 761 F. Supp. 1100, 1107 (D.N.J. 1991). Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

4

It is not necessary for the movant to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the court is not whether movants will ultimately prevail; rather, it is whether they can prove any set of facts in support of their claims that would entitle them to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Therefore, in deciding a motion to dismiss, a court should look to the face of the pleadings and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the non-movant, the allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

### B.  The Parties' Arguments

In the first count of the Third-Party Complaint, Third-Party Plaintiff Wrag-Time argues that Third-Party Defendant The Rubin Group "breached and failed to exercise the requisite duty(ies) owed to Wrag-Time by knowingly inducing Wrag-Time to enter into and accept an insurance policy which [TME] now asserts is not a cargo insurance policy, but an indemnity based legal liability insurance policy, despite Wrag-Time's expressed cargo insurance needs and desires to the contrary." (See Third-Party Complaint at ¶ 7.) As a result, Third-Party Plaintiff argues that the Rubin Group is responsible and liable for Third-Party Plaintiff's potential damages from TME's cause of action. (Id. at ¶ 8.) In its second count, Third-Party Plaintiff asserts that its own conduct was derivative and secondary to the Rubin Group's actions.

Conversely, the Rubin Group argues that Third-Party Plaintiff does not allege any connection between the improper policy and the claims of TME. "There is no allegation in the third-party complaint alleging that, if the proper policy had been provided, it somehow would have excused Wrag-Time's fraudulent acts and conversion." (See Third-Party Defendant's Brief at 4.) Regarding the second count, the Rubin Group argues that the initial suit against Third-Party Plaintiff is limited to its fraud and conversion in handling the claim resulting from the fire, and emphasizes the fact that coverage was not denied because the wrong policy may have been issued.

In its opposing brief, Third-Party Plaintiff claims that the Third-Party Complaint: (1) clearly alleges that the actions or omissions of the Rubin Group make it liable to Third-Party Plaintiff for TME's potential damages against Third-Party Plaintiff, (2) sufficiently states claims upon which relief can be granted, and (3) sets forth claims related to TME's original causes of action.

Lastly, in its reply, the Rubin Group simply reiterates its argument that the underlying complaint and the third-party complaint are unrelated.

### C. Motion to Dismiss Third-Party Complaint

The Third-Party Complaint against the Rubin Group is limited to an allegation that the policy issued was the incorrect type, being a liability policy and not a cargo policy. Because this allegation is unrelated to the claims against Third-Party Plaintiff, the Rubin Group's motion to dismiss will be granted.

Rule 14(a) of the Federal Rules of Civil Procedure provides that a defendant may bring a

6

third-party action against a party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). Specifically, "[a] third-party claim may be asserted under Rule 14(a) only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to defendant. If the claim is separate or independent from the main action, joinder will be denied." Federal Deposit Insurance Corporation v. Bathgate, II, 27 F. 3d 850 (3d Cir. 1994), citing C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6 Section 1446, at 355-58 (1990). "If the third-party claim is not derivative of the third-party plaintiff's liability as to the underlying plaintiff, the third-party complaint should be dismissed." Id.

Here, Third-Party Plaintiff's claims against the Rubin Group are not derivative of Third-Party Plaintiff's potential liability to TME. TME is seeking rescission of the policy and reimbursement for funds paid regarding the fire loss due to fraud, concealment and conversion. Specifically, TME alleges that Third-Party Plaintiff received settlement funds from the insurer for Savannah, the entity that was transporting the consolidated container when the fire occurred, in the amount of $47,500. This money was allegedly received by Third-Party Plaintiff but not remitted to TME. Moreover, Third-Party Plaintiff never paid the deductible contained in the policy. Finally, the policy issued by TME required that any subcontractors must be insured to the same amount of the primary policy, which Third-Party Plaintiff failed to do. For these reasons, TME is seeking to rescind the contract and recover all monies paid, in the amount of $151,841.75.

The Third-Party Plaintiff, in its first count, alleges that the Rubin Group breached and failed to exercise its requisite duty by knowingly inducing Third-Party Plaintiff to accept an

improper policy of insurance. However, even if true, this fact has no bearing on the underlying complaint. There is no claim that the incident was not covered by the policy, and in fact TME paid the full amount of the loss, including the deductible. TME does not seek a refund of the money paid based upon an improper policy of insurance, but because of the alleged fraud and conversion committed by Third-Party Plaintiff. The Rubin Group is not liable for the fraud, conversion, and wanton and willful conduct alleged against Third-Party Plaintiff.

Third-Party Plaintiff's second count alleges that its conduct was derivative and secondary to the Rubin Group's actions. However, as noted, the claims against Third-Party Plaintiff are limited to its fraud and conversion in the claims handling resulting from the fire. Moreover, the Rubin Group is not alleged to have been a party to these acts. Thus, the Third-Party Complaint is unrelated to the underlying claims and therefore should be dismissed.

Third-Party Plaintiff, in opposing the motion to dismiss, merely argues that "[t]he relationship between [TME's] complaint allegations asserting an indemnity policy and the Third-Party Complaint's claims are evident, relevant, and material despite the Rubin Group's argument to the contrary," but does not elaborate further. Third-Party Plaintiff argues a myriad of case law, but does not show how the underlying complaint and the Third-Party Complaint are related. Even if the Rubin Group's actions "fell below and deviated from acceptable professional industry standards and practices" (see Brief in Opposition to Motion to Dismiss Third-Party Complaint at 4), there is no relationship between the claims asserted by TME and those by Third-Party Plaintiff.

To sum up, the claims in the underlying complaint only deal with the claims handling process and the alleged fraud and conversion perpetuated by the Third-Party Plaintiff. This

8

cannot be attributable to the Rubin Group, as the Third-Party Complaint makes no mention of the Rubin Group's conduct in the claims handling procedure.

Therefore, the Third-Party Complaint against the Third-Party Defendant The Rubin Group is dismissed, with prejudice, because the Third-Party Complaint involves separate and distinct claims from the underlying complaint, and there is no basis for which the Third-Party Defendant can be held liable for the alleged actions of Third-Party Plaintiff.

### IV. Conclusion

**THEREFORE**, for the reasons set forth above,

**IT IS** this <u>13th</u> day of February, 2007, hereby

**ORDERED** that Third-Party Defendant The Rubin Group's Motion to Dismiss is **GRANTED**.

<pre>                                         /S/ Joseph H. Rodriguez
_____           JOSEPH H. RODRIGUEZ
                                         United States District Judge</pre>