NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRANSPORT MANAGEMENT EUROPE NV AS AGENTS FOR LLOYD'S SYNDICATE BMR 1861,

Plaintiff,

v.

ROBERT PETTY, Individually and trading as SAVANNAH TRUCKING AND SAVANNAH TRUCKING, INC. and WRAG-TIME AIR, d/b/a WRAG-TIME TRANSPORTATION, EMRICK & FELDMAN INC., BUCKWIRTH TRUCKING LLC, LAFD INC., WRAG-TIME NORTHEAST EXPRESS LTD, WRAG-TIME CALIFORNIA EXPRESS INC., LRB TRUCKING INC., LEONARD EMRICK, VISION EXPRESS INC., GO TRUCKING LLC,

Defendants,

and

WRAG-TIME AIR, d/b/a WRAG-TIME TRANSPORTATION, EMRICK & FELDMAN INC., BUCKWIRTH TRUCKING LLC, LAFD INC., WRAG-TIME NORTHEAST EXPRESS LTD, WRAG-TIME CALIFORNIA EXPRESS INC., LRB TRUCKING INC., LEONARD EMRICK, VISION EXPRESS INC., GO TRUCKING LLC,

Civil Action No. 06-cv-4179 (JHR)

**OPINION** and **ORDER**

Third-Party Plaintiffs :

v. :

THE RUBIN GROUP, :

Third-Party Defendant :

---

**RODRIGUEZ**, Senior District Judge:

This matter is before the Court on the motion of Defendant Robert Petty, doing business as Savannah Trucking and Savannah Transport, Inc. ("the Petty defendant"), to vacate the default judgment entered against it, on behalf of Transport Management Europe, N.V. ("Plaintiff"), on November 17, 2006. For the reasons set forth below, the Petty defendant's motion will be granted.

## I. Facts and Procedural History

This action stems from a cargo truck fire in Covington, Louisiana on October 21, 2004, and the ensuing insurance coverage dispute. (See Compl. at ¶¶ 6-23; Answer at ¶¶ 6-23, Countercl. ¶¶ 1-7, Cross-cl. ¶¶ 1-6.) Wrag-Time Air Freight, Inc., doing business as Wrag-Time Trasnportation, Emrick & Feldman Inc., Buckwrith Trucking LLC, LAFD Inc., Wrag-Time Northeast Express Ltd., Wrag-Time California Express, Inc., LRB Trucking Inc., Leonard Emrick, Vision Express Inc., and GO Trucking LLC (collectively "the Wrag-Time defendant"), subcontracted a transportation shipment job to the Petty defendant. (Compl. at ¶ 5; Answer at ¶ 5.) While driving on Interstate 12 in Covington, Louisiana, the Petty defendant's trailer caught

fire and the cargo was destroyed. (Compl. at ¶ 6; Answer at ¶ 6.)

Plaintiff insured the goods, though, a dispute exists between Plaintiff and the Wrag-Time defendant over what that coverage entailed. (Compare Compl. at ¶¶ 7-8 with Answer at ¶¶ 7-8.) Despite the dispute, Plaintiff began paying the claims for the shippers. (Compl. at ¶ 7; Answer at ¶ 7.) At the same time, Plaintiff alleges–and the Wrag-Time defendant denies–that the Petty defendant's insurer paid the Wrag-Time defendant for the losses from the cargo fire. (Compl. at ¶ 8; Answer at ¶ 8; Aff. of Charles H. Landesman in Supp. of Mot. to Vacate Default J. at ¶ 5 (hereinafter "Aff. of Landesman").) Plaintiff paid claims totaling $151,841.75. (Compl. at ¶ 9; Answer at ¶ 9.) As a result, Plaintiff alleges it is entitled to subrogation from both the Wrag-Time and Petty defendants. (Compl. at ¶ 9.) Plaintiff sued the Wrag-Time defendant for fraud for taking the insurance payment from the Petty defendant for its own use and the Petty defendant for negligence arising out of the trailer fire. (See generally Compl.)

Plaintiff filed the complaint on August. 29, 2006. (See id.) The Wrag-Time defendant answered the complaint on October 24, 2006, filed a counterclaim against Plaintiff, filed a cross-claim against the Petty defendant, and a third-party complaint against the Rubin Group, which it alleges arranged the insurance coverage. (See Answer.) The Petty defendant never answered the Plaintiff's complaint. (See Aff. of Landesman at ¶¶ 3, 7.) The Clerk issued a default judgment against the Petty defendant on November 17, 2006 after it failed to answer the complaint. (Default J.)

The Petty defendant filed a Notice of Motion to Vacate Default Judgment on December 12, 2006. (Notice of Mot. to Vacate Default J.) The Petty defendant claims that it was not aware of the suit until late November when it received the Wrag-Time defendant's Answer and Cross-

Claim. (Aff. of Landesman at ¶ 7.) Additionally, the Petty defendant argues that if it did receive the Complaint and Answer/Cross-Complaint sooner, its "failure to file an answer or otherwise plead was due to mistake, inadvertence, surprise or excusable neglect." (Id.) The Petty defendant also claims that Plaintiff's attorney does not object to vacating the default judgment. (Id. at ¶ 9.[1])

## II.Discussion

The Court may set aside a judgment of default for good cause in accordance with Federal Rules of Civil Procedure Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) states in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Id. at 60(b). Defaults are generally disfavored and any doubts concerning whether default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983) (citing Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)). The decision to set aside an entry of default is primarily within the Court's discretion. Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002); Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

In deciding a motion to set aside an entry of default, the Court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense;

[1] Even though paragraph nine in the affidavit is actually paragraph eight, the Court will conform its citation to the Petty defendant's numbering system.

[and] (3) whether the default was the result of the defendant's culpable conduct." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (citing Gross, 700 F.2d at 122; Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Farnese, 687 F.2d at 764)). The Court balances these factors based on explicit findings of fact derived from the pleadings. See Emcaso Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

**A. Plaintiff will not be Prejudiced by Vacating Default Judgment**

This Court must first determine whether vacating the entry of default will prejudice Plaintiffs. The decision will depend upon a consideration of the following factors: (1) loss of available evidence; (2) increased potential for fraud; and (3) substantial reliance on the judgment of default. Feliciano, 691 F.2d at 657. Here, there is no suggestion that any of the three factors considered in Feliciano apply. This case revolves around an insurance policy and subcontracting agreements, none of which are likely to be lost by vacating the default. Nor is there a likelihood of increased fraud because this is a dispute over insurance coverage. Finally, there is no reliance here on the default judgment. The Petty defendant's attorney asserts that Plaintiff's attorney does not oppose the vacation of the default judgment, which shows there is no substantial reliance on the default. (Aff. of Landesman at ¶ 9.) Additionally, Plaintiff continues its actions against the Wrag-Time defendants, which means a large part of this case is ongoing. Therefore, Plaintiff will not be prejudiced by vacating the default judgment.

**B. Defendant can Show a Meritorious Defense to the Underlying Action**

A defendant's ability to show he can assert a meritorious defense to the underlying action "is the critical issue because without a meritorious defense [the defendant] could not win at trial . . . [and] there would be no point in setting aside the default judgment . . . if [the defendant] could not demonstrate the possibility of his winning." $55,518.05 in U.S. Currency, 728 F.2d at 195. A meritorious defense is one that would be a complete defense at trial. Hritz, 732 F.2d at 1181. A defense is not meritorious, however, if it is "facially unmeritorious," Emcasco, 834 F.2d at 74 (internal citation and quotation marks omitted), and fashioned from simple denials and "conclusionary language," $55,518.05 in U.S. Currency, 728 F.2d at 195. When there is no answer to a complaint, it can be difficult for a court to evaluate the meritorious defense standard. See Hill v. Williamsport Police Dept., 69 Fed. App. 49, 52 (3d Cir. 2003).

Even though the Petty defendant has not answered Plaintiff's complaint, it has laid out a defense in its attorney's affidavit in support of motion to vacate default judgment. (Aff. of Landesman at ¶¶ 4-5.) The Petty defendant argues that Robert Petty is not personally liable because he was acting for Savannah Transport, Inc. at the time of the crash and destruction of the cargo. (Id. at ¶ 4.) Also, the Petty defendant argues Savannah is not liable because it was insured up to $50,000, which it paid to the Wrag-Time defendant, which hired it as a subcontractor. (Id. at ¶ 5.) These defenses would answer the negligence claim Plaintiff has brought against the Petty defendant. Therefore, the Petty defendant has a meritorious defense to the underlying complaint.

**C. Defendant's Failure to Answer the Complaint did not Show Flagrant Bad Faith or Callous Disregard of Responsibility**

Finally, was the default a result of the Petty defendant's culpable conduct or the result of excusable neglect? Culpable conduct is that which is done willfully or in bad faith. Gross, 700 F.2d at 124 (citation omitted). This requires more than "mere negligence," such as "acts intentionally designed to avoid compliance with court notices." Hritz, 732 F.2d at 1183. Even when a defendant's neglect in answering a complaint is inexcusable, that is not evidence of "flagrant bad faith." Emcasco, 834 F.2d at 75 (quoting Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976)) (internal quotation marks omitted). Taking all of the factors as a whole, dismissal should be the last and not the first sanction. Id. (quoting Carter v. Albert Einstein Med. Ctr., 804 F.2d 805, 807 (3d Cir. 1986)).

The Petty defendant argues that he never received Plaintiff's complaint. (Aff. of Landesman at ¶¶ 3, 7.) It was not until the Petty defendant received the Wrag-Time defendant's answer and cross-complaint at the end of November that it learned about this action. (Id. at ¶ 7.) The Wrag-Time defendant's answer and cross-complaint were filed on October 24, 2006. (See generally Def.'s Answer.) Additionally, the default judgment was entered on November 17, 2006, not the end of November. (See Default J.) The Petty defendant argues if it did receive the pleadings earlier, the failure to respond was inadvertant. (Aff. of Landesman at ¶ 7.) While this sequence of events does not quite add up, it also does not show bad faith or intentional non-compliance. It may amount to negligence on the Petty defendant's part, which is excusable.

**III.Conclusion**

This Court finds, (1) Plaintiffs will not be prejudiced if the default is vacated, (2)

Defendants allege what may amount to a meritorious defense, (3) Defendants' failure to answer the complaint does not rise to the level of flagrant bad faith.

**THEREFORE,** for the reasons set forth above,

**IT IS** this 13th day of February, 2007, hereby

**ORDERED** that the default judgment against the Petty Defendants is **VACATED** pursuant to Fed. R. Civ. P. 55(c) and 60(b);

**IT IS FURTHER ORDERED** that the Petty Defendants shall serve their answer to the complaint within ten days of the filing of this order.

/S/ Joseph H. Rodriguez

JOSEPH H. RODRIGUEZ, U.S.D.J.